CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 18 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH BOWLER,<br>Plaintiff, | Civil Action No. 7:05-cv-00443 |
| v. | |
| C/O FLEMING, C/O MULLINS,<br>C/O NARRAMORE, C/O LYALL,<br>C/O COUCH, C/O BLANKENSHIP,<br>C/O N. BRANHAM, SGT. DAY,<br>SGT. BLEVINS, WARDEN<br>TRACY RAY, AND ASS'T WARDEN<br>ARMENTROUT<br>Defendants. | **Memorandum Opinion and**<br>**Dismissal Order**<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Joseph Bowler, a Virginia inmate acting pro se, brings this action as a civil rights complaint, pursuant to 42 U.S.C. §1983.[1] He alleges that on January 13, 2005, prison officials at Red Onion State Prison (ROSP) pulled his hands, arms, wrists and shoulders into a food tray slot, causing him bodily harm, and then refused him medical treatment for his injuries. Bowler moves to proceed in forma pauperis, but does not state what type of relief he seeks in this action. Upon review of court records, the court concludes that Bowler's complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

Bowler has not prepaid the $150.00 filing fee required in civil actions and, instead, seeks to proceed in forma pauperis. Court records indicate that Bowler has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Bowler v. Braxton, 7:03-cv-00652 (W.D. Va. December 3, 2003)(dismissed under §1915A, failure

---

[1] Bowler mentions other cases that he has filed in this district and seeks to combine them with this new case. As all of his previous cases are closed, this request will not be granted.

1

to state a claim); Bowler v. Young, 7:03-cv-00231 (W.D. Va. April 7, 2003)(dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim); Bowler v. Young, 7:03-cv-00148 (W.D. Va. March 6, 2003) (dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim). Therefore, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis, and may not pursue this lawsuit unless he alleges facts demonstrating that he is in imminent danger of physical harm.

Clearly, the allegations in the complaint do not suggest any imminent danger that Bowler will suffer any physical harm in the absence of court intervention. He complains about one past incident when officers allegedly assaulted him and ignored his medical needs. Allegations that the inmate has faced imminent danger in the past are insufficient to trigger the §1915(g) exception. Abdul-Akbar, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). Bowler does not allege facts indicating that any of his injuries were life threatening or otherwise serious enough to require medical treatment. He also does not allege any facts indicating a likelihood that he is in imminent danger of suffering serious physical harm now. Thus, the court cannot find that he is entitled to proceed in forma pauperis under §1915(g).

Inasmuch as the court has not received prepayment of the filing fee for this action and as Bowler does not allege any facts in this complaint suggesting that he is in imminent danger of physical or irreparable harm, it is hereby

### ORDERED

that plaintiff's motion for in forma pauperis status shall be and hereby is **DENIED,** pursuant to 28 U.S.C. §1915(g); the action is hereby **DISMISSED** without prejudice and is hereby stricken from the active docket of the court. Plaintiff is hereby advised that since the case is dismissed without

2

Case 7:05-cv-00443-JCT-mfu   Document 4   Filed 07/18/05   Page 2 of 3   Pageid#: 20

prejudice, he has the option of refiling his complaint as a new and separate action, along with prepayment of the filing fee.

The Clerk is directed to send certified copies of this order to plaintiff and to the Office of the Attorney General of Virginia, Prisoner Litigation Section.

ENTER: This 18th day of July, 2005.

/s/ James C. Turk
Senior United States District Judge

3